IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02855-GPG

DAVID A. DAILEY (and Homeless Class Action Litigation)

    Plaintiff(s),

v.

LEO MCKINNEY, Mayor,
TERRY L. WILSON, Chief of Police,
TED EDMONDS, Mayor Pro-Tem,
STEPHEN BERSHENYI, Glenwood Springs Councilman,
DAVE STUGES, Glenwood Springs Councilman,
MATTHEW STECKLER, Glenwood Springs Councilman,
TODD LEAHY, Glenwood Springs Councilman, and
MICHAEL GAMBA, Glenwood Springs Councilman,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, David A. Dailey, resides in Glenwood Springs, Colorado. He has filed, *pro se*, a Complaint (ECF No. 1) in which he purports to bring claims against the Defendants on his own behalf, and on behalf of other homeless persons in the City of Glenwood Springs, Colorado, pursuant to 42 U.S.C. § 1983 for deprivation of his and their constitutional rights.

**I. Procedural Background**

On December 1, 2014, Magistrate Judge Gallagher reviewed the Complaint and determined that it was deficient for several reasons. Magistrate Judge Gallagher ordered Mr. Dailey to file an Amended Complaint, within thirty (30) days, to assert only claims on his own behalf, and alleging sufficient facts to show the personal participation

of each named Defendant in a deprivation of Plaintiff's constitutional rights. (ECF No. 5). Magistrate Judge Gallagher warned Plaintiff in the December 1 Order that failure to file an Amended Complaint may result in dismissal of this action without further notice. (*Id.*).

Mr. Dailey did not file an Amended Complaint by the court-ordered deadline, nor did he request an extension of time. Accordingly, the Court reviews the allegations of the original Complaint, pursuant to D.C. COLO.LCivR 8.1(a).

Mr. Dailey has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe liberally the Complaint because Mr. Dailey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Complaint and this action will be dismissed.

In the § 1983 Complaint, which Mr. Dailey brings on his own behalf and on behalf of other homeless persons in the City of Glenwood Springs, Colorado, he asserts that members of the Glenwood Springs homeless community "have suffered indignities, surprising criminal arraignments, and have had their civil rights violated by the actions of the Glenwood Springs Police Department (GSPD) and because of the unconstitutional local ordinances made by the City Councilman." (ECF No. 1, at 1). He further

maintains that "[t]he City of Glenwood Springs Police and Fire Departments have violated the Federal Freedom of Information Act by withholding and not submitting information to the public and the press." (ECF No. 1, at 1). Specifically, Mr. Dailey alleges that the Glenwood Springs Fire and Police Departments have refused to provide copies of their daily "call logs" to local newspapers, upon Plaintiff's request, and that a patrol sergeant has made disparaging remarks about him in public.

Mr. Dailey further alleges in the Complaint that he has been "hassled" by the Glenwood Springs Police Department since he arrived in Glenwood Springs on June 9, 2014, as evidenced by the following: (1) on numerous occasions, police officers questioned him and asked for identification (*id.* at 5); (2) on August 1, 2014, Plaintiff's property "was seized and searched" while he was lying down on the handicap ramp in front of the church that he attends (*id.*); (3) the GSPD persuaded the local Safeway store to ask Plaintiff to return a shopping cart that Plaintiff has been using as a walking aid for his disability (*id.* at 6); (4) the GSPD urged the local 7-11 store not to admit or serve Plaintiff coffee during the graveyard shifts, beginning on July 20, 2014 (*id.*); (5) the GSPD warned Plaintiff several times that if he was found sleeping in a public place, he would be seized and jailed (*id.*); and, the GSPD arrested Mr. Dailey on August 1, 2014, and he was not given any of his medications while incarcerated for approximately 13 hours (*id.*). Mr. Dailey seeks monetary relief.

**II. Analysis**

Mr. Dailey was advised in the December 1 Order that the Complaint is deficient because he may not assert claims on behalf of other persons. A *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an

adequate class representative for a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Furthermore, even if the Court considers only the allegations involving Mr. Dailey, he fails to allege specific facts to show that the individual Defendants personally participated in a deprivation of his constitutional rights. Magistrate Judge Gallagher warned Mr. Dailey in the December 1 Order that personal participation is an essential element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Dailey claims that the defendant members of the Glenwood Springs City Council promulgated unconstitutional ordinances concerning vagrancy and homeless persons. However, Plaintiff does not cite to the specific ordinances, or state any facts to show why the ordinances fail to pass constitutional muster. And, Plaintiff does not allege any other facts to show that Defendants Bershenyi, Stuges, Steckler, Leahy and

Gamba were personally involved in a deprivation of his constitutional rights. Accordingly, those Defendants are improper parties to this action and will be dismissed.

Defendants McKinney and Edmonds, the mayor and mayor pro-tem, will also be dismissed because Mr. Dailey does not allege any facts to show that the supervisory Defendants personally caused a deprivation of his constitutional rights.

Mr. Dailey complains of several specific instances of police harassment, but he does not identify, or name as Defendants, the individual police officers who allegedly violated his constitutional rights. Instead, Plaintiff sues Defendant Wilson, the chief of police, but he does not explain how the chief was involved in any of the alleged police misconduct that he describes in the Complaint.  Mr. Wilson cannot be held liable simply because of his supervisory status.  *See Iqbal.*  Therefore, Mr. Wilson is an improper party to this action and will be dismissed.

It is not clear whether Mr. Dailey brings any of his claims against the Defendants in their official capacities.  An official capacity suit would be construed against the City of Glenwood Springs.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed as claims against the governmental entity).  To hold the City of Glenwood Springs liable under § 1983, Plaintiff must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658,

694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Although Mr. Dailey complains of several instances of alleged police harassment, he does not allege sufficient facts to link the police actions to an unlawful municipal policy or custom.  However, because it is not clear that Plaintiff intended to sue the Defendants in their official capacities, the Court will dismiss any official capacity claims without prejudice.  The Court is not inclined to grant Plaintiff a second opportunity to amend his pleading, given that he did not file anything in response to the December 1 Order.  Accordingly, it is

ORDERED that the § 1983 claims against the Defendants, sued in their individual capacities, are DISMISSED WITH PREJUDICE, for the reasons discussed above.  It is

FURTHER ORDERED that any official capacity claims are DISMISSED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that this action is DISMISSED in its entirety. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Dailey files a notice of appeal he must also pay the

full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 6, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court